Loeing-, J.,
delivered the opinion of the court:
In this case it was objected that the court had not jurisdiction of the case, because, by the ninth section of the Judiciary Act, 1789, (1 Stat. L., 70,) the district courts have exclusive jurisdiction of all civil causes of admiralty and maritime jurisdiction on Avaters navigable from the sea, “ saving to suitors in all cases the right of a common-law remedy, where the common law is competent to give it; ” and it was contended that this case Avas not within the saving clause, because the’remedy here is a statute and not a common-laAv remedy.
*134 But the jurisdiction limited in tlie ninth section ol‘ the judiciary act is of suits against individuals onljr, while the jurisdiction here is of suits against the United States only. The ninth section, therefore, and the statutes organizing this court, relate to different subjects, and are not in pari materia; and we thinlc the jurisdiction of this court is to be sought exclusively in the. statutes limiting it, because no other statutes relate to it. The statutes organizing this court give us jurisdiction over “all claims founded on any contract, express or implied.” This includes at least contracts at the common law. And the question here as to jurisdiction is whether at the common -law a contract is implied for salvage services.
That cases of salvage were of common-law jurisdiction in England is not to be questioned. That law gave the salvor a lien on the goods saved for a reasonable compensation. And that lien involved a legal obligation on the owner oil his repossession of his goods to pay the compensation, and from, that legal obligation the law implied a promise against him. Lord Tenterden thus states the common law on the point: “A person who, by his own labor, preserves the goods which the owner, or those intrusted with the care of them, have abandoned at sea,, or are unable to protect and secure, is entitled by the common law of England to retain the possession of the goods saved until a proper compensation is made to him for his trouble. This compensation, if the parties cannot agree upon it, may, by the same law, be ascertained by a jury in an action brought by the salvor against the proprietor of the goods.” (Abbott on Shipping, Story’s ed., c. 10, pt. 3, § 2.)
And that salvage cases were of common-law jurisdiction has been questioned in this country only as to State courts under the ninth section of the judiciary act. And in the elaborate cases of Waring v. Clarke (5 How., 441) and New Jersey Steam Navigation Company v. The Merchants' Bank, (6 How., 344,) the common-law jurisdiction was asserted, and'it was held that the saving clause in the ninth section left “the concurrent power where it stood at common law.”
And we hold that the salvage sérvicés and facts alleged in the petition are sufficient, if proved, to imply therefrom a contract for compensation, valid at the common law, and within our'jurisdiction.
The claim made is in the nature of salvage; but on the facts *135 stated, we tliink no valuable service was rendered. The vessel and cargo were not abandoned, but left only to procure assistance, and her condition and the circumstances furnished no reason for supposing them abandoned. And they were in no. imminent peril, and subject to no greater damage than they had sustained when left, and nothing was gained or saved to the United States by taking a portion of her cargo from her and then resliipping it. The barge from the first was fast aground and anchored, and there is no evidence that she moved; the weather was soft; there was neither wind nor waves beyond the current of the river and the rise and fall of a few feet ■of the tide, and the running ice, which was the only peril she was exposed to, had done its worst when she sunk; and the ■only effect of removing the goods from her was that they were under water some hours less than they otherwise would have been; and it is not shown that anything, or how much, was saved by this to the United States.
The judgment of the court is that the petition be dismissed.